IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JAMES L. DORSEY,**

                **Petitioner,**

      v.                                 **CASE NO. 07-3204-SAC**

**DAVID R. MCKUNE, et al.,**

                **Respondents.**


**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court directed respondents to file an answer and return, and recently granted respondents to and including January 10, 2007, to file that responsive pleading.

Before the court is petitioner's motion for release on bond.[1] Petitioner cites Rule 23 of the Federal Rules of Appellate Procedure, and further states that he is not a flight risk, that his claims on appeal have strong merit, and that his advanced age and

---

[1] Petitioner also submitted a document executed by him to grant a durable power of attorney to Mary Margaret Dorsey. As petitioner makes no showing of being incapable of handling his pro se legal affairs, the court directs the clerk's office to place a copy on the left side of the file and to return the original pleading to petitioner.
    Petitioner is advised that federal law allows two types of representation in court: by an attorney admitted to the practice of law by the applicable regulatory body, or by a person representing himself. 28 U.S.C. § 1654. A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law. *See e.g.*, DePonceau v. Pataki, 315 F.Supp.2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney).

serious health issues should be considered in deciding his motion. Having reviewed the record, the court denies petitioner's motion.

Notably, petitioner relies on a federal rule that addresses the transfer or release of a habeas petitioner while an appeal from the district court's disposition of the petition is pending for appellate review. *See* Fed.R.App.P. 23. These concerns are simply not at issue in the present case where petitioner's habeas application is still awaiting resolution and petitioner has no appeal before the appellate courts. Nor is petitioner attempting to prevent his transfer to another facility or jurisdiction.

Nonetheless, it is recognized that a federal district court has inherent power to release or "enlarge" a state prisoner on bond, pending a hearing and a decision on a petition for habeas corpus. Pfaff v. Wells, 648, 692 (10th Cir. 1981). *See* Landano v. Rafferty, 970 Fed.2d 1230 (3rd Cir. 1991), *cert. denied*, 506 U.S. 955 (1992)(precedent identified for federal court's authority to grant bail to state prisoner prior to ruling on the prisoner's habeas corpus petition). To grant such relief, however, a habeas petitioner must show that exceptional circumstances warrant his release from custody, and must demonstrate a clear case on the merits of the habeas petition. Id. at 693. Johnson v. Nelson, 877 F.Supp. 569, 570 (D.Kan. 1995).

The court finds petitioner has not met this demanding burden. Petitioner has neither demonstrated a high probability of success on substantial claims of constitutional deprivation, and nor shown that his age and medical condition present extraordinary circumstances requiring his release from custody.

IT IS THEREFORE ORDERED that petitioner's motion for release on

bond (Doc. 10) is denied.

IT IS FURTHER ORDERED that clerk's office is place on the left side of the file a of copy of the power of attorney submitted by petitioner, and to return the original document to petitioner.

**IT IS SO ORDERED.**

DATED:  This 20th day of December 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge