IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMES L. DORSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 07-3204-JWL |
| | ) | |
| DAVID R. McKUNE, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Petitioner James L. Dorsey was convicted in Kansas state court of one count of aggravated indecent liberties with a child, and he remains in state custody. This matter comes before the Court on petitioner's pro se petition for relief pursuant to 28 U.S.C. § 2254 (Doc. #1), by which he alleges various constitutional errors concerning his trial and sentence. For the reasons set forth below, the Court **denies** the petition.

## I.   Background

In April 2003, petitioner was tried and convicted in the District Court of Johnson County, Kansas on a single count of aggravated indecent liberties with a child in violation of K.S.A. § 21-3504. Petitioner was accused of improperly touching his wife's granddaughter at various times from 1998 to 2000, when the victim ranged in age from eight to ten. Petitioner was sentenced to a term of imprisonment of 45 months. The

Kansas Court of Appeals affirmed petitioner's conviction and sentence, and the Kansas Supreme Court denied review. *See State v. Dorsey*, No. 91,016, 2006 WL 619172 (Kan. Ct. App. Mar. 10, 2006) (unpub. op.), *rev. denied* (Kan. Sept. 19, 2006).

## II.   **Applicable Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in relevant part at 28 U.S.C. § 2254, governs the Court's review.  Under section 2254, as amended by the AEDPA, the Court may not issue a writ of habeas corpus with respect to any claim that the state court adjudicated on the merits unless that adjudication

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d)(1), (2).  Under the "contrary to" clause of paragraph (1), the Court may issue a writ of habeas corpus only if (a) the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or (b) the state court decided the case differently than the Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause of paragraph (1), the Court may grant habeas relief if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08.  The Court may not issue a

2

writ simply because it concludes, in its independent judgment, that the state court applied clearly established federal law erroneously or incorrectly; rather, the application must have been objectively unreasonable. *See id.* at 409-11.

### III.   <u>Analysis</u>

Petitioner makes a numbers claims of error in his petition, which the Court addresses in turn.

#### A.   <u>Vouching for Credibility of Witness in Closing Argument</u>

Petitioner argues that the prosecutor improperly vouched for the credibility of the alleged victim in her rebuttal closing argument, in violation of petitioner's right to a fair trial, in the following statements:

> [The victim's] testimony through this week to you all two years later, she's obviously a much different child because what's happened in the two years, you know what she thought when she came forward and said . . . things were happening to me, please stop and get help grandpa and everything will be okay, none of that has happened. He's denying. You know, I mean, she – there's no help. She's alone. She has no family. She's been ostracized, intimidated, this is what this child was today and she's been distanced away from her abuser. Remember her testimony at the end of Monday, ladies and gentlemen, that is a little girl that is telling the truth about what happened to her. Where is her motive to lie? That is the most important thing, too. This is a man she loved. Why would she lie?
>
> . . .
>
> There's no motive to say he did it if he didn't do it. All her life was around this man. She loved him, holidays, family, that's why I've been asking all these questions. Up to May of 2001 her world was about these people, grandma Mary and the defendant. She loved being over there,

3

Easter egg hunts, Christmas, Thanksgiving, that was a house of love for her but for the abuse when she was alone with grandpa. She has no motive as a child at ten years old to out of the blue make this up and lie for attention. That doesn't even make sense.

. . .

More importantly, no motive if she's lying to continue it for two years. The last two years of her life have been like this. You know, her father testified holidays have been lonely, she's been sad, she's mad now all her family is gone. These are the real emotions of a child, ladies and gentlemen. She did not look over that Sunflower House videotape before she testified for you. Two years later she didn't review transcripts. This was her memory, a child's mind does not retain lies, it retains the truth of what they recall happening to them.

The Kansas Court of Appeals concluded that although most of the statements were within the wide latitude afforded the prosecutor in closing argument, two statements constituted impermissible vouching: the initial comment that the victim "is telling the truth about what happened to her;" and the final comment that " a child's mind does not retain lies, it retains the truth of what they recall happening to them." *See Dorsey*, 2006 WL 619172, at *11. The court concluded, however, that the statements were not inconsistent with substantial justice and had little, if any, likelihood of having changed the outcome of the trial, in light of the following: the diffusion of the impact of those statements by the remaining argument properly referring to testimony; the brevity of the remarks on the victim's truthfulness; the fact that the statements were made in rebuttal to petitioner's closing, in which petitioner had insinuated that the victim had a motive to lie; the conclusion that the statements were not gross or flagrant; the lack of anything suggesting ill will by the prosecutor; the other evidence supporting petitioner's

4

conviction; and the instructions that the jury should disregard attorney statements not supported by evidence and that the jury had the responsibility to determine the weight and credit to be given each witness's testimony. *See id.* at *11-12. The court thus held that petitioner had not been denied a fair trial in violation of his right to due process. *See id.*

The Tenth Circuit has set forth the standard applicable to this claim under section 2254 as follows:

> Argument or evidence is impermissible vouching only if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony. Likewise, an attack on a witness' veracity is improper only in similar circumstances. Thus, it is not improper for a prosecutor to direct the jury's attention to evidence that tends to enhance or diminish a witness's credibility.

*Thornburg v. Mullin*, 422 F.3d 1113, 1132 (10th Cir. 2005) (quotation omitted). In *Thornburg*, the court rejected a claim of improper comments where the prosecutor's statements appeared to be based on evidence and the prosecutor did not indicate to the jury that he knew something more about the witness's credibility than could be deduced from the evidence at trial. *See id.* The relevant inquiry for purposes of habeas relief is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)).

The Court concludes that the challenged statements by the prosecutor in closing

5

argument were generally based on testimony and the lack of any evidence of a motive for the victim to fabricate her story. The prosecutor did not explicitly offer her personal assurances that the victim was telling the truth. Nor did she imply that any information not presented to the jury supported the victim's testimony. The jury could not reasonably believe in this case that the prosecutor was indicating her personal belief in the witness's credibility.

Moreover, even if one or two of the prosecutor's statements, taken in isolation outside the context of the surrounding argument, arguably exceeded the prosecutor's latitude, those statements did not cause substantial unfair prejudice, for the many reasons set forth by the state court of appeals. *See Thornburg*, 422 F.3d at 1132. The state court's conclusion that the prosecutor's statements did not make the trial unfair in violation of due process was not unreasonable. Accordingly, petitioner is not entitled to habeas relief on this claim.

### B.   Admission of Rebuttal Testimony

Petitioner claims that the trial court abused its discretion and denied him the right to a fair trial, in violation of his right to due process, by allowing certain expert testimony by a rebuttal witness for the prosecution. Petitioner objected at trial to the testimony on the basis of unfair surprise, arguing that he had not been given notice of or received an expert report from the witness. The Court rejects this claim.

First, petitioner's due process claim is barred because he did not raise any such claim in the state court, as required. *See* 28 U.S.C. § 2254; *Duncan v. Henry*, 513 U.S.

364, 365-66 (1995).

> If state courts are to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be alerted to the fact that the
> prisoners are asserting claims under the United States Constitution.  If a
> habeas petitioner wishes to claim that an evidentiary ruling at a state court
> trial denied him due process of law guaranteed by the Fourteenth
> Amendment, he must say so, not only in federal court, but in state court.

*Duncan*, 513 U.S. at 365-66.  In this case, petitioner argued only Kansas state law to the

Kansas Court of Appeals in arguing unfair surprise from the rebuttal evidence.  He did

not allege a violation of due process or refer to any provision of the United States

Constitution in arguing this claim on direct appeal.[1]  The court of appeals considered the

issue only under state law.  *See Dorsey*, 2006 WL 619172, at *7-8.  Accordingly, the

Court denies this claim for habeas relief.

The Court also denies this claim on the merits.[2]  A mere abuse of discretion in

applying evidentiary rules, as alleged by petitioner, would not warrant relief here:

> A habeas petitioner is only entitled to relief . . . for alleged
> violations of federal rights, not for errors of state law.  Generally speaking,
> a state court's misapplication of its own evidentiary rules . . . is
> insufficient to grant habeas relief.

*Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) (citations omitted).  Petitioner

must show that the alleged error was "so grossly prejudicial that it fatally infected the

trial and denied the fundamental fairness that is the essence of due process."  *Id.*

---

[1]Petitioner was represented by counsel at trial and on direct appeal.

[2]A habeas petition may be denied on the merits, notwithstanding the petitioner's
failure to exhaust state court remedies.  28 U.S.C. § 2254(b)(2).

(quotation omitted).  As the Tenth Circuit has noted:

> [T]he Supreme Court has defined "the category of infractions that violate fundamental fairness very narrowly.  Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation."

*Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 73 (1991)).

As the Kansas Court of Appeals noted, the record reveals that the prosecution indicated at trial that the rebuttal witness had not prepared a report, and petitioner did not seek to voir dire the witness.  *See Dorsey*, 2006 WL 619172, at *8.  The court of appeals further noted that, under Kansas law, the prosecution was not required to disclose rebuttal witnesses.  *See id.*  The Court concludes that the prosecution's use of the rebuttal witness without prior notice did not violate petitioner's right to due process.

### C.   Exclusion of Evidence of Victim's Prior Allegations

Petitioner argues that the trial court denied his rights under the Confrontation Clause of the Sixth Amendment by granting the prosecution's motion in limine and thus excluding evidence of prior unfounded allegations of sexual abuse made by the alleged victim.  On direct appeal, the Kansas Court of Appeals rejected this claim on the basis that petitioner had not preserved an adequate record for review of this issue, thus precluding the court's review under Kansas law.  *See Dorsey*, 2006 WL 619172, at *4 (citing *State v. Evans*, 275 Kan. 95, 99-100, 62 P.3d 220 (2003)).  The court noted that the motion in limine had not been included in the record on appeal and that petitioner had not raised the issue during trial.  *See id.*

8

Because the state court rejected this claim on the basis of a state procedural rule—the lack of an adequate record for review on appeal—this Court's consideration of the claim is limited:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

> A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision.  To be adequate, a state procedural rule must have been firmly established and regularly followed when the purported default occurred.

*McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (quotations omitted); *see also Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (state procedural ground is not "adequate" unless rule is "strictly or regularly followed"); *Church v. Sullivan*, 942 F.2d 1501, 1506 (10th Cir. 1991) (procedural default does not bar federal habeas claim unless state court "clearly and expressly states that its judgment rests on a state procedural bar") (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)).  "It is well established in Kansas that it is the duty of the appellant to supply the record on appeal and include in the record any matter [with respect to which] he intends to claim error."  *Gettings v. McKune*, 88 F. Supp. 2d 1205, 1215 (D. Kan. 2000) (citing cases); *see also Evans*, 275 Kan. at 99-100, 62 P.3d at 224.

Accordingly, petitioner must demonstrate "cause for the default and actual

9

prejudice" or demonstrate that failure to consider his federal claim "will result in a fundamental miscarriage of justice." Petitioner has not made either showing.

Petitioner has not pointed to any reason why he failed to preserve and present the issue properly for appeal. He merely insists that the motion in limine was in the record, and he argues that the exclusion of the testimony did affect the trial and therefore caused him prejudice. Petitioner claims that he should have been permitted to submit evidence at trial that the alleged victim had previously falsely accused another male babysitter of improperly touching her and falsely accused petitioner of having abused another granddaughter.

The evidence relating to the allegation involving the other babysitter was the subject of the prosecution's motion in limine, which is contained in the district court records of the case. The court of appeals stated that the motion had not been included by the parties in the record on appeal, and petitioner has not shown that it was so included. *See* Kan. Sup. Ct. Rule 3.02 (requiring certain records to be sent to appellate court; party must request inclusion of other documents in the record on appeal). The transcript of the pretrial hearing at which the motion was argued and denied would have been before the court of appeals, *see id.*, but petitioner's counsel did not make any proffer of what the actual testimony would have been. Nor has petitioner demonstrated that he attempted to introduce this evidence or make a proffer at trial. Thus, the exact nature and scope of the testimony that petitioner claimed was erroneously excluded was not before the appellate court, and petitioner has not demonstrated cause for that failure.

10

Moreover, given the absence of any proffer or statement of the anticipated testimony that was excluded, this Court cannot judge the potential impact of that testimony. Accordingly, the Court cannot say that the exclusion of evidence relating to a prior accusation of abuse by another babysitter caused prejudice or a fundamental miscarriage of justice, and petitioner's claim as it relates to such evidence is denied. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (to show fundamental miscarriage of justice, petitioner must demonstrate that constitutional error has probably resulted in conviction of one who is actually innocent).[3]

Evidence that the victim had accused petitioner of abuse of another granddaughter was not the subject of the prosecution's motion in limine or any other motion during the trial. In fact, at trial petitioner did elicit testimony that the victim had made such an accusation, as well as testimony from the other granddaughter that no such abuse had actually occurred, and petitioner cited this testimony in closing argument. Accordingly, petitioner cannot show that any evidence of this nature was actually excluded at trial, let alone that the exclusion caused prejudice or a fundamental miscarriage of justice. Petitioner's claim as it relates to this evidence is denied.

### D.   Amendment of Complaint

Petitioner claims that the trial court violated his right to a fair trial under the Sixth

---

[3]Moreover, the Kansas Court of Appeals, in addressing another issue, concluded that additional evidence attacking the credibility of the alleged victim would have been merely cumulative of other such evidence actually offered. *See Dorsey*, 2006 WL 619172, at *14.

and Fourteenth Amendments by allowing the prosecution to amend the criminal complaint against petitioner on the day his trial began.  Petitioner may not pursue this federal claim here, however, because he failed to present it first to the state courts.  *See* 28 U.S.C. § 2254; *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  On direct appeal, petitioner challenged the amendment of the complaint as a violation of Kansas statutory and case law, but he made no reference to the federal Constitution.  Accordingly, the Court denies this claim.

The court also denies this claim on the merits.  A defendant must have adequate notice of the nature and cause of the charges against him under the Sixth Amendment.  *See Kordelski v. Jordan*, 111 Fed. App'x 557, 564 (10th Cir. 2004) (involving challenge to amended information under section 2254) (citing *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999)); *see also Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988) (due process requires that state charging method must give defendant fair notice of charges to permit adequate preparation of his defense).  In this case, the prosecution amended the complaint to enlarge the range of dates in which the offense took place (originally, between May 1999 and August 2000; as amended, between August 1998 and December 2000), in order to conform to the alleged victim's testimony at the preliminary hearing, which had taken place more than one year before trial.  As the Kansas Court of Appeals noted in rejecting this claim under Kansas law, the date of the offense was not an element of the offense to be proved; petitioner did not present an alibi defense tied to any particular dates, but rather denied the allegations generally; petitioner had full knowledge

of the charge and the time period in which it allegedly occurred, and he had ample opportunity to prepare a defense; and petitioner did not seek a continuance after the amendment of the complaint. *See Dorsey*, 2006 WL 619172, at *3. Thus, the Court agrees with the state court that petitioner has not shown that he did not have adequate notice of the charge or that the amendment was material to or prejudiced his defense. *See id.* at *3-4. Accordingly, petitioner has not established a constitutional violation relating to the amendment of his complaint.

### E.   Absence of *Miranda* Warnings Before Police Interview

Petitioner claims that the trial court violated his rights under the Fifth Amendment when it refused to exclude evidence of his statements to a police officer on the basis that the officer did not give him *Miranda* warnings prior to questioning. On direct appeal, the Kansas Court of Appeals affirmed the trial court's denial of petitioner's motion to suppress, holding that "the trial court's conclusion that the interrogation was noncustodial is supported by substantial competent evidence." *Dorsey*, 2006 WL 619172, at *5.

The Tenth Circuit has set forth the following standard applicable to this issue:

*Miranda* warnings are required when the defendant is in custody and subject to interrogation. In order to determine whether or not a person is in custody for *Miranda* purposes, a court must examine all relevant facts, the only relevant inquiry being how a reasonable person in the suspect's position would have understood his situation. If, from an objective viewpoint, someone in [the defendant's] position would reasonably believe [his] freedom of action had been curtailed to a degree associated with formal arrest, then [he] would be held in custody during the interrogation.

13

*United States v. Griffin*, 7 F.3d 1512, 1517-18 (10th Cir. 1993) (citations and quotations omitted). "The determination of custody, from an examination of the totality of the circumstances, is necessarily fact intensive." *Id.* at 1518. The Tenth Circuit has identified a few factors useful to the custody analysis: (1) the extent to which the suspect was made aware that he was free to refrain from answering questions or to end the interview; (2) the nature of the questioning, including whether the questioning was prolonged and accusatory; and (3) whether circumstances included a police-dominated atmosphere. *See id.* at 1518-19.

The Kansas Court of Appeals applied this same objective standard, considering whether a reasonable person in petitioner's position would have perceived that there was such a restriction on his freedom as to render him in custody. *See Dorsey*, 2006 WL 619172, at *4. The court of appeals stated:

> A review of the record in this case, including the videotape of the interrogation introduced at the suppression hearing, confirms the trial court's determination that Detective Wall's questioning of [petitioner] was not custodial in nature. Rather, [petitioner] and Detective Wall agreed by phone to schedule the interrogation for the following day at the police station. [Petitioner] went to the police station on his own volition and without a police escort. Significantly, Wall advised [petitioner] near the beginning of the interview that [petitioner] was not under arrest and was free to leave at any time. [Petitioner] indicated that he understood and stated he wanted to talk to Wall.

> The record further reveals that Detective Wall was the only officer present during the interview, which lasted approximately 1-1/2 hours. Nearly 20 minutes into the interview, Wall left the interview room, leaving [petitioner] alone for approximately 6 minutes. The door was closed and no one stood inside or outside the room during this time. Additionally, [petitioner's] wife Mary was present for the final 20 minutes of the

14

interview. Wall did not use any abusive language or actions. At no time was any physical restraint or its equivalent used. Following the interrogation, [petitioner] left freely without arrest or detention.

*Id.* at *5.

Petitioner argues that the circumstances made him believe that he could not leave the interrogation, in which the officer employed lies, half-truths, and psychological techniques in an attempt to ambush petitioner and induce him to confess. Petitioner also argues that he was 71 years old, in poor health, and confused at the police interview. These facts, however—particularly those relating to petitioner's subjective feelings at the interview—do not establish conclusively that a reasonable person would have felt as if he were not free to leave the interview. The state courts' factual determinations are presumed correct, and petitioner has not shown by clear and convincing evidence that any of the facts cited by the state court in support of their findings on this issue are incorrect. *See* 28 U.S.C. § 2254(e)(1).

The Court concludes that petitioner has not shown that the decision of the Kansas state courts that petitioner was not in custody, based on those facts cited by the court of appeals, was contrary to or involved an unreasonable application of Supreme Court and federal precedent. *See id.* § 2254(d)(1). Nor has petitioner shown that the state courts' decision was based on an unreasonable determination of the facts in light of the evidence presented. *See id.* § 2254(d)(2). Accordingly, the Court denies this claim for habeas relief.

F.  <u>Voluntariness of Statements to Police</u>

15

Petitioner also claims that the trial court erred in refusing to suppress his statements in the police interview on the basis that the statements were not voluntarily made, in violation of the Fifth Amendment.  After a suppression hearing, the trial court found that the statements were voluntarily made and were not coerced.  The Kansas Court of Appeals affirmed, concluding that substantial competent evidence supported the trial court's determination, and that the totality of the circumstances demonstrated that petitioner's statements "resulted from his free and independent will." *Dorsey*, 2006 WL 619172, at *7.

In determining whether a defendant's will was overborne in a particular case, a court must assess the totality of the surrounding circumstances, including the characteristics of the accused and the details of the interrogation.  *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973).  Factors that have been considered include the youth of the accused, his lack of education or his low intelligence, the lack of advice of the accused's constitutional rights, the length of the detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as food or sleep deprivation.  *See id.*  "The test is whether the person's will was overcome, or whether the statement was freely made."  *United States v. Muniz*, 1 F.3d 1018, 1022 (10th Cir. 1993).

In support of this claim for habeas relief, petitioner relies primarily on testimony at trial by an expert who had reviewed petitioner's police interview and medical records. The expert testified that petitioner had been on anti-anxiety medications; that petitioner

16

had experienced memory problems and concentration lapses; that petitioner felt intimidated by the officer's tactics in the interview; and that in his opinion petitioner did not clearly understand the questioning. In addition, petitioner generally argues that his statements in the interview were a product of coercion, intimidation, and brain-washing.

On direct appeal, the court of appeals refused to consider the expert's testimony on this issue because the videotape of the interview had already been admitted into evidence when the expert testified at trial, and because the expert did not testify at the suppression hearing, at which the videotape was also admitted into evidence. The state court did not act unreasonably in refusing to consider testimony that had not been offered by petitioner to support his argument against admission of his statements, but instead was offered only after the challenged evidence had already been admitted.

The Kansas Court of Appeals cited a number of facts that supported the trial court's determination that petitioner's statements had been made voluntarily:

> [T]he interrogation lasted approximately 1-1/2 hours and [petitioner] was advised that he was free to go at any time during the interrogation. Nothing prevented [petitioner] from communicating with third parties during the investigation, and in fact, [petitioner's wife] was present during the last 20 minutes of the interview.
>
> [Petitioner] did not have a high school education; however, he had completed both a military and civilian career. He was 71 years old at the time of the interview. [Petitioner] testified that he was on medication for his diabetes and heart conditions, but he provided no detailed information about the extent of his health, the type of medication that he was taking, or the effects of his medication.
>
> . . .

[Petitioner] also suggests Detective Wall's interrogation tactics confused him as to what was inappropriate touching and what was innocent touching. The videotape shows Wall's interrogation tactics relied heavily upon stressing the credibility of [the alleged victim], creating guilt, and encouraging the truth. However, in doing so Wall did not make any threats, demands, or promises. . . .

[Petitioner] responded clearly and coherently to Wall's questions during the interview. [Petitioner] never indicated that he did not hear or understand Wall. Moreover, [petitioner's] gestures and mannerisms did not indicate he was fearful. Although he agreed with some allegations, [petitioner] also later contradicted those admissions and repeatedly denied the more serious accusations by [the victim].

*Dorsey*, 2006 WL 619172, at *6-7.

The facts cited by the court of appeals amply support the state courts' determination, under the totality of the circumstances, that petitioner's statements to police were voluntary and not coerced. Petitioner has not identified any federal law compelling the suppression of statements under the circumstances of petitioner's police interview. Petitioner has not shown that the state courts unreasonably determined the relevant facts or that they violated or unreasonably applied clearly-established federal law. *See* 28 U.S.C. § 2254(d). Accordingly, the Court denies this claim for habeas relief.

G. Newly-Discovered Evidence

Petitioner claims that the trial court denied him a fair trial and due process in violation of the Sixth and Fourteenth Amendments when it denied his new trial motion based on newly-discovered evidence. Specifically, petitioner cited "new" evidence from the alleged victim's mother that the victim was unstable and had a tendency to lie and

18

that the mother supported petitioner's innocence.

The Court concludes that petitioner did not raise this federal constitutional claim in state court as required. *See* 28 U.S.C. § 2254; *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). On direct appeal, petitioner argued that the trial court had erred under Kansas law in denying his motion for a new trial. He cited only a single case from the Kansas Supreme Court, in which the court had considered newly-discovered evidence claims solely under Kansas law. *See State v. Moncla*, 269 Kan. 61, 63-65, 4 P.3d 618, 620-21 (2000). Only in the last sentence of the section of his appellate brief devoted to this claim did petitioner state that "[t]his ruling of the [trial court] denied the Defendant a fair trial based on due process."

As the United States Supreme Court stated in *Duncan*, the state court must be "alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. The petitioner need not invoke "talismanic language" or cite "book and verse" from the Constitution, but the federal claim must have been "fairly presented" to the state courts. *See Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989) (citing *Picard v. Connor*, 404 U.S. 270, 275-76, 278 (1971)). The crucial inquiry is whether the claim "has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Knapp v. Henderson*, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (citing *Picard*, 404 U.S. at 278; *Nichols*, 867 F.2d at 1252).

In its appellate brief, defendant argued only Kansas law. He did not cite any

19

cases involving due process claims; nor did he perform any due process analysis. The Kansas Court of Appeals addressed this claim only as arising under Kansas law. *See Dorsey*, 2006 WL 619172, at *12-14. Accordingly, the Court concludes that petitioner's concluding and conclusory reference in his appellate brief to due process was not sufficient, and he has not shown that he gave the state court adequate notice that he was raising a federal constitutional issue. *See Knapp*, 1998 WL 778774, at *3.

The Court also denies this claim for an additional reason. A claim based on newly-discovered evidence generally does not state a ground for federal habeas relief absent an independent constitutional violation in the underlying trial. *See Clayton v. Gibson*, 199 F.3d 1162, 1180 (10th Cir. 1999) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). The Supreme Court has left open the possibility that a "truly persuasive demonstration" of actual innocence could warrant federal habeas relief, although the threshold showing "would necessarily be extraordinarily high." *Id.* (quoting *Herrera*, 506 U.S. at 417).

Petitioner has not shown an independent constitutional violation here, and he has not satisfied the "extraordinarily high" threshold for a "truly persuasive demonstration" of actual innocence in his case. In reviewing petitioner's claim under state law, the Kansas Court of Appeals found that the evidence from the victim's mother was not in fact "new", in light of the facts that the mother was not an unknown or unexpected witness, as she was listed as a witness in the complaint and actually testified at trial; she admitted in her testimony that she was a reluctant witness and had misgivings about the

accusations against petitioner; and petitioner agreed to release her from her subpoena at trial, instead of seeking to talk with her further or call her as a witness in his own case. *See Dorsey*, 2006 WL 619172, at *13-14. The court of appeals further found that the additional information from the mother concerning the victim's credibility was cumulative to other evidence, including testimony that at the time of her initial accusations, the victim had been upset with her father and wanted more attention from him. *See id.* at *14. This Court must presume those findings of the state court to be correct. *See Love v. Roberts*, 259 Fed. App'x 58, at *2 (10th Cir. 2007) (citing 28 U.S.C. § 2254(e)(1)). Accordingly, petitioner has failed to establish any due process violation arising from the trial court's refusal to grant a new trial based on "newly-discovered evidence."

<h2 style="text-align:center">H.     <u>Denial of Sentencing Departure</u></h2>

Petitioner claims that the trial court's refusal to depart from the presumptive disposition of imprisonment under Kansas's sentencing guidelines denied him equal protection. First, petitioner failed to raise any equal protection claim in the state courts, as required. *See* 28 U.S.C. § 2254; *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Petitioner argued only Kansas law on direct appeal and made no reference to any federal constitutional provision or violation. Thus, petitioner cannot receive habeas relief based on a claim of equal protection relating to his sentence.

Moreover, petitioner has not established an equal protection violation here. Although petitioner makes a single reference to "equal protection" in each of his briefs

to this Court, petitioner offers no analysis under that constitutional provision.  He argues that the facts supporting a departure were so compelling that "no reasonable person could agree" with the trial court's decision not to depart, which must have been based on partiality and prejudice.  Petitioner has utterly failed, however, to explain how the trial court's refusal to depart from the applicable guidelines sentence constituted a violation of the Equal Protection Clause.  Therefore, the Court denies this claim for relief.

### J.    Cumulative Error

Finally, petitioner claims that the cumulative effect of trial errors denied him the right to a fair trial.  Cumulative-error analysis applies only where the record reveals two or more actual errors, and petitioner is entitled to relief only if the entire trial was so fundamentally unfair as to constitute a violation of his due process rights.  *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir. 1997).  Petitioner has not established any constitutional errors in his conviction or sentence.  Accordingly, the Court denies this claim for relief.

## IV.    **Conclusion**

In summary, the Court concludes that petitioner has not established any instance in which the state proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).  Nor has he established any federal constitutional violation that the state courts did not address.  Accordingly, the Court denies the petition for habeas relief.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT James L. Dorsey's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. #1) is **denied**.

IT IS SO ORDERED.

Dated this 16th day of May, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[4]Petitioner has not requested an evidentiary hearing, and no hearing is necessary to resolve disputed facts concerning the proceedings in state court.  *See Medina v. Barnes*, 71 F.3d 363, 366 (10th Cir. 1995) (setting forth requirements for entitlement to evidentiary hearing in federal habeas action).